UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK SHERMENTI, | No. C 06-3386 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| WINNIEFRED GIN; PUBLIC DEFENDERS OFFICE, | |
| Defendants. | |

## INTRODUCTION

Patrick Shermenti, an inmate at the Contra Costa County Jail in Martinez, California, filed this pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

## BACKGROUND

Shermenti filed this action against Winniefred Gin, his public defender from the Contra Costa County public defender's office. Shermenti alleged in his complaint that Gin violated their attorney-client relationship when she disclosed information she learned from Shermenti's mental health file to her co-workers. The disclosure of the information allegedly led to workers in the county jail (e.g., deputies, nurses, doctors, and teachers) knowing about some unspecified thing that put Shermenti in some unspecified danger.

A few weeks after he filed his complaint, Shermenti filed a letter requesting to amend his complaint with a 7-page narrative. (Docket # 4.) Docket # 4 is deemed to be an amendment to

the complaint. The extremely convoluted 7-page narrative purports to explain how Shermenti came to the conclusion that public defender Gin disclosed confidential information. The narrative states that Shermenti was sexually abused by three African Americans 29 years ago (when he was 18) and that due to this, Shermenti either thinks or has suffered the delusion that KKK people are chasing him in white robes. He believes that, based on this information in his mental health records, public defender Gin "thought I got raped and that I liked to have homosexual sex with black men, and that the K.K.K. almost got to me at the hospital. Ms. Gin thought this was extremely funny that's why she was laughing at me in court that day she went and gossiped to anyone who would listen." Amendment, p. 6.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A claim that is incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Section 1983 does not impose liability for violations of duties of care arising out of state tort law. See DeShaney v. Winnebago County Social Servs. Dep't, 489 U.S. 189, 201-03 (1989); Baker v. McCollan, 443 U.S. 137, 146 (1979) (without more no action for false imprisonment). To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding

the interests that have been invaded.  See Paul v. Davis, 424 U.S. 693, 697 (1976).

No federal statute, treaty or constitutional provision protects a consumer of county services (such as the services of the public defender's office) from disclosure of information about him to co-workers.  Thus, plaintiff has no Section 1983 claim based on such disclosure. Plaintiff's claim that his public defender improperly disclosed information from his mental health file to co-workers may suggest invasion of privacy, public disclosure of private facts, and false-light privacy claims against that public defender.  But such claims would be based on state tort law, not under the United States Constitution or federal law.  Thus, while plaintiff may have a viable state court action, he does not have a cognizable claim under 42 U.S.C. § 1983.  The conclusory allegation that Gin's disclosure put Shermenti in unspecified danger does not make the claim actionable because the amendment he filed shows that Gin disclosed the existence of a delusion and/or mental illness, neither of which would put Shermenti in any danger.  He also has alleged that the only wrongdoer is Gin: "I don't blame no deputies or anyone else.  Ms. Gin is the only person responsible." Amendment, p. 6.  Leave to amend appears futile because the problem in the complaint could not be cured by further amendment..

## CONCLUSION

For the foregoing reasons, the complaint and amendment thereto do not state a claim upon which relief may be granted.  Leave to amend will not be granted because it would be futile. This action is dismissed.  The clerk shall close the file.

IT IS SO ORDERED.

Dated: August 7, 2006

_____
SUSAN ILLSTON
United States District Judge

3